In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Charles Vincent Berry,            ) | |
|                            Plaintiff,   ) | Civil Action No. 9:07-0721-RBH-GCK |
|                                   ) | |
|       vs.            ) | **REPORT OF MAGISTRATE JUDGE** |
|                                     ) | |
| Keith E. Fleming, Chief Burke,     ) | |
| and Bishopville City Police Department,    ) | |
|                                   ) | |
|                       Defendants.  ) | |

The plaintiff brought this action seeking relief pursuant to Title 28, United States Code, Section 1983. On July 18, 2007, the defendants filed a motion for summary judgment. On July 19, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on August 30, 2007, giving the plaintiff an additional twenty days in which to file his response to the motion for summary judgment. This order was mailed to the plaintiff's last known address (Kirkland Correctional Institution, 4344 Broad River Road, Columbia, SC 29210) advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The envelope containing this order was returned to the court marked "Release 08-01-07".

The record reveals that the plaintiff was advised by order dated April 11, 2007, of his responsibility to notify the court *in writing* if his address changed.[1]

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

September 12, 2007
Charleston, South Carolina

---

[1] Upon review the file it is noted the Clerk of Court contacted the Warden's Administrative Assistant at Kirkland R&E on September 11, 2007 and was informed that the Plaintiff was transferred to Wateree River Correctional Institution on May 30, 2007. He was released from Wateree on August 1, 2007. Despite the warning of the Order dated April 11, 2007, instructing Plaintiff to notify the Clerk of Court in writing of any change of address, he did not advise the Clerk of Court of his transfer to Wateree nor of his release from Wateree.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).